IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MM EDUCATION LLC, MOHAMED
JAFFER and YASEEN JAFFER,

          Plaintiffs,                                            ORDER

v.

                                                                   19-cv-824-wmc

TODD BARNHARDT, NOUSHA SABET,
LMLC MANAGEMENT, LLC and
LMLC FRANCHISING, LLC

          Defendants.

       In this case, plaintiffs MM Education LLC, Mohamed Jaffer and Yaseen Jaffer assert a variety of federal and state law claims based on defendants' alleged fraudulent behavior that duped plaintiffs into participating in a "franchise scam." (Compl. (dkt. #1).) Plaintiffs filed their complaint in this court on October 3, 2019. Defendants -- two individuals and two LLCs -- were served in late November 2019. The date passed for defendants' answers without any appearance, answers, motions to dismiss or other responses. Nonetheless, on January 13, 2020, one of the individual defendants Todd Barnhardt and the two LLC defendants filed a notice of suggestion of bankruptcy. (Dkt. #6.) The court accepted the notice of a bankruptcy filing and stayed the case as to plaintiffs' claims against defendant Barnhardt and the two LLC defendants, while noting that "[t]his stay does not preclude defendant Nousha Sabet from responding to the complaint or plaintiffs from seeking entry of default." (2/5/20 Order (dkt. #7).)

       Despite this text order, neither plaintiffs nor Sabet filed anything. More than six months later, on August 27, 2020, the court prompted action, directing plaintiffs by

September 11, 2020, "to either seek entry of default as to Sabet or explain why they cannot take such a step." (Dkt. #8.) On that deadline, plaintiffs filed a motion for entry of default as to Sabet. Ten days later, on September 21, 2020, *before* the clerk's office acted on the motion for entry of default, Sabet, proceeding *pro se*, filed what the court views as a brief in opposition to the motion for entry of default. (Dkt. #11.) In it, Sabet explained that she became aware of this lawsuit at the time of filing, but "when I contacted the Western District, I was told the case was put on hold due to the bankruptcy proceedings for the LLC's." (Sabet's Opp'n (dkt. #11).) She also represented that she was an independent contractor and had a limited role in the company's financials. (*Id.*) Moreover, Sabet represents, she lives in Omaha, Nebraska, worked with the other defendants on this venture from there, and does not have the resources to hire an attorney. Finally, Sabet represents that she is also a creditor in the bankruptcy action involving the other defendants. (*Id.*)

The court then directed Sabet to file an answer and directed plaintiffs to file a reply in support of their motion for entry of default. (9/22/20 Order (dkt. #12).) Because default has yet to be entered, the question for the court is whether it should extend the deadline for Sabet's answer. Federal Rule of Civil Procedure 6(b)(1)(B) provides that the court may extend the deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Still, excusable neglect is not "plain neglect." *Id.* Here, defendant

Sabet's *pro se* status, coupled with her misunderstanding that the entire case was stayed, not just the claims asserted against the other defendants, and her view that she played a limited role in this business venture forms a sufficient basis to find excusable neglect. While the court agrees with plaintiffs that there is a significant time-lapse between the due date of defendant Sabet's answer, December 16, 2019, and her entering an appearance on September 21, 2020, plaintiffs similarly sat on their claims against her, requiring repeated prompting from the court to move this part of the case along, and only filing their motion for entry of default when the court set a deadline by which to do so, suggesting no real prejudice to plaintiffs. On this record, the court concludes that an extension of the deadline to answer is warranted.

Still, as plaintiffs point out in their reply, defendant Sabet's answer, filed on September 29, 2020, is *not* an answer to the complaint. Indeed, Sabet only states that she admits, denies or states that she lacks sufficient information or knowledge as to 13 of the *204* paragraphs in the complaint. **The court will provide defendant Sabet one additional chance to file an answer to the *entire* complaint. On or before October 9, 2020, Sabet should file an answer to plaintiffs' complaint, in which she responds to each of the 204 numbered paragraphs.[1] If defendant Sabet fails to comply, the court will direct the clerk's office to enter default against her.[2]**

---

[1] The court also notes that Sabet may wish to formalize her apparent objection to this lawsuit on personal jurisdiction grounds.

[2] The court also notes that Sabet's previous filings were unsigned. In submitting her complete answer to the complaint, she must sign her submission.

3

Entered this 30th day of September, 2020.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge